IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID BENSON, DBA,<br>BENSON SEED RESEARCH,<br><br>      Plaintiff and<br>      Counterclaim Defendant,<br>v.<br><br>DAIRYLAND SEED CO., INC.,<br><br>      Defendant and<br>      Counterclaim Plaintiff. | Case No. 4:11-cv-00116 |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

By signing this Confidentiality Agreement and Protective Order (hereinafter "Protective Order"), the parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby ORDERED as follows:

1. If a party or an attorney for a party has a good faith belief that certain documents or other materials or information (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action pursuant to this Protective Order, the party or attorney shall mark each such document or other materials as "CONFIDENTIAL."

2. In the event a party inadvertently produces confidential documents or materials without the designation "CONFIDENTIAL", it shall not be deemed a waiver of the confidential nature of the documents or materials provided that the producing party notify all other parties of the inadvertent production within a reasonable time after the producing party discovers the inadvertent production.

3. If a party or an attorney for a party disputes whether a document or other material should be marked "CONFIDENTIAL", the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the "CONFIDENTIAL" designation shall do so by filing an appropriate motion.

4. No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "CONFIDENTIAL", or the contents thereof, except in accordance with this Protective Order. At the conclusion of the proceedings in this action, all documents and materials marked "CONFIDENTIAL", including any copies or extracts or summaries thereof, or documents containing or derived from information taken therefrom, shall be returned to producing counsel with producing counsel to pay the shipping costs associated with the return of such documents or materials. Upon the consent of the producing party, which consent shall not be unreasonably withheld, the recipient of "CONFIDENTIAL" materials may, as an alternative to returning the "CONFIDENTIAL" materials to the producing party, submit a written certification that all "CONFIDENTIAL" materials have been destroyed. Provided, however, that a party that receives "CONFIDENTIAL" materials that it was entitled to receive irrespective of the above captioned litigation, shall not be required to either return or certify the destruction of such "CONFIDENTIAL" materials.

5. Any document or other material which is marked "CONFIDENTIAL," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "CONFIDENTIAL," or the contents thereof, as evidence at trial, or at any deposition taken in

this action. The parties, attorneys, and other persons to whom disclosure is made shall take appropriate measures at trial, at depositions, and in the filing of any confidential documents or materials with the Court to protect the confidentiality of any document or other material which is marked "CONFIDENTIAL," or the contents thereof. Such measures may include filing a motion requesting the Court to seal a document or a portion thereof. The parties and attorneys shall not otherwise file documents under seal.

6. Any document or other material which is marked "CONFIDENTIAL," or the contents thereof may only be disclosed to counsel for the parties to this action who are involved in the conduct of this action; to the partners, associates, secretaries, paralegals, assistants, agents and employees of such counsel; and to Court officials involved in this action (including persons such as court reporters and persons operating video recording equipment at depositions); but, as to all such persons identified in this paragraph, only to the extent reasonably necessary to render professional and related services in the action. Subject to the provisions of paragraphs 7, 8 and 9 below, such documents or other materials which are marked "CONFIDENTIAL," may also be disclosed to:

    a.    the parties;

    b.    any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    c.    to persons noticed for depositions or designated as trial witnesses, but only to the extent reasonably necessary to prepare them to testify; and

    d.    to outside consultants or experts retained for the purpose of assisting counsel in this action, but only to the extent reasonably necessary for them to provide such services in this action.

7. Any individual to whom disclosure is to be made pursuant to sub-paragraphs 6.a. through 6.d. above must first sign a form entitled "Nondisclosure Agreement" in the form set forth as Exhibit A to this Protective Order, containing:

   a. a recital that the signatory has read and understands this Protective Order;

   b. a recital that the signatory understands that disclosure of documents or other materials marked "CONFIDENTIAL" not authorized by this Protective Order may be subject to sanctions by the Court, including contempt proceedings; and

   c. a statement that the signatory consents to the exercise of personal jurisdiction over him or her by this Court for the purpose of enforcing this Protective Order.

Signed acknowledgements shall be maintained by counsel responsible for such disclosures and will be provided to all other counsel upon request.

8. Before disclosing documents or other materials marked "CONFIDENTIAL" to any person listed in paragraph 6 who the Plaintiff or Plaintiff's counsel knows or reasonably believes to be a competitor or potential competitor (or an employee, consultant, agent, representative or affiliate of such competitor or potential competitor) of the Defendant, the Plaintiff shall give at least 10 business days' advance notice in writing to Defendant's counsel who designated such documents or other materials as "CONFIDENTIAL", stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the items to be disclosed, and stating the purpose(s) of such disclosure. If, within the 10-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible unless and until the Court has denied such motion.

9. Before disclosing documents or other materials marked "CONFIDENTIAL" to any person listed in paragraph 6 who the Defendant or Defendant's counsel knows or reasonably believes to be a competitor or potential competitor (or an employee, consultant, agent,

ofPlaintiff) the Defendant shall give at least 10 business days' advance notice in writing to Plaintiff's counsel who designated such documents or other materials as "CONFIDENTIAL", stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the items to be disclosed, and stating the purpose(s) of such disclosure. If, within the 10-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible unless and until the Court has denied such motion.

10. Nothing contained in this Order shall act as a waiver of the right of either party to seek a supplemental protective order from the Court requiring that certain documents, information or materials be produced or disclosed on an "ATTORNEYS EYES ONLY" basis in order to seek greater protection from production or disclosure than that provided by the "Confidential" designation.

11. Counsel for parties to this action to whom any documents or other materials marked "CONFIDENTIAL" are disclosed pursuant to this Protective Order shall maintain a list of all disclosures made by such counsel to any person pursuant to paragraphs 6, 7, 8 or 9. Such list shall contain (i) the name and address of the person to whom the disclosure is made; and (ii) the date the disclosure is made.

12. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the documents or other materials marked "CONFIDENTIAL" and disclosed pursuant to this Protective Order.

**BY THE COURT:**

Dated: 6/14/2011 ,

*[signature]*

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID BENSON, DBA, <br> BENSON SEED RESEARCH, <br><br> Plaintiff and <br> Counterclaim Defendant, <br> v. <br><br> DAIRYLAND SEED CO., INC., <br><br> Defendant and <br> Counterclaim Plaintiff. | Case No. 4:11-cv-00116 |

## **NONDISCLOSURE AGREEMENT**

The undersigned, having read the Confidentiality Agreement and Protective Order (the "Protective Order") agreed to in this action and intending to be legally bound thereby, agrees as follows:

All Confidential information disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with the above-captioned action and shall not be used for any business or other purpose.

Such Confidential information shall be disclosed to and discussed only with the parties to this suit, the parties' legal counsel, and other persons who have, in accordance with the provisions of the Protective Order, executed a similar Nondisclosure Agreement. Neither Confidential documents nor information acquired or extracted from such documents will be divulged or made accessible to any other person, company, firm or news entity whatsoever, except in compliance with this Nondisclosure Agreement. This Nondisclosure Agreement does

not limit the right of the signatory to testify at trial in this action or to prepare documents or other materials for submission at trial in this action.

The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information designated as "CONFIDENTIAL" under the Protective Order.

The undersigned affirms that he or she is not employed by any competitor of Plaintiff, Dow AgroSciences LLC, Dairyland Seed Co., Inc., or their affiliated companies or corporations.

The undersigned further agrees that upon the final termination of this litigation, he or she shall return any such Confidential information which may be in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information), to the attorney from whom he or she received such documents and materials.

The undersigned understands that unauthorized disclosure of Confidential information may subject the unauthorized disclosing person to sanctions by the Court enforcing the Protective Order, and consents to the exercise of personal jurisdiction over the undersigned by such Court for the purpose of enforcing the Protective Order.

Dated:_____

_____
Signature

_____
Name

_____
Address

_____
Employer

027568-0002\9155494.1